María Luisa Avilés de Beiso, Plaintiff and Appellee, *v.* Succrs. of Angel Suárez, etc., et al., Defendants and Appellants.

No. 5498.   Argued May 18, 1931.—Decided May 26, 1931.

*José Sabater* for appellants.   *Nazario & García Méndez* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

María Luisa Avilés de Beiso brought suit in the District Court of Mayagüez against José Moreda (individually and also as managing partner of the firm of Succrs. of Angel Suárez), Alberto Moreda, Alvaro C. Cifuentes, and José Irizarry, to recover $547.47 originating in a promissory note for $675, which is transcribed in the complaint, subscribed by the defendants and delivered to the plaintiff.

The defendants answered and alleged that they only owed $445 as principal and interest thereon. As a special defense they pleaded that in view of the amount owing by them, the district court had no original jurisdiction to take cognizance of the action. The answer is not verified.

The case went to trial and the court entered a judgment ordering the defendants to pay to the plaintiff the sum of $527.10, together with interest and costs.

The difference amounting to $20 which exists between

the sum awarded in the judgment and that claimed in the complaint is explained by the trial judge as follows:

"The plaintiff also introduced documentary evidence in regard to the entire correspondence had between her and defendant Moreda, relative to the account owed by the defendants, by offering copies of the letters referred to in the application for the subpoena contained in the record and filed by the plaintiff on May 29, 1930, upon the failure of said defendant to appear and produce the originals. The evidence of the defendants, consisting of the testimony of Alvaro Cifuentes, was confined to the proof of a further payment of $20 on December 20, 1929, to apply to the account, the fact of which payment was admitted in a motion filed by the attorneys for the plaintiff on the same day of the trial, June 2, 1930."

From said judgment, entered on June 27, 1930, an appeal was taken by defendant Successors of Angel Suárez on August 6, 1930, and the other defendants, who were served with notice of the judgment on December 31, 1930, appealed therefrom on January 28, 1931.

On the morning of the 8th of this instant May the appellee moved for a dismissal of the appeal filed on January 28, 1931, for failure to file the transcript in time, and on the ground that the appeal is entirely frivolous. On the afternoon of the same day the appellants filed the transcript, which consists only of the judgment roll; and on the 16th of May they filed a motion opposing the dismissal sought.

We have carefully considered both motions, the documents exhibited therewith, and the judgment roll, and in our opinion a dismissal lies on both grounds urged.

It clearly appears that, although the appellants were taking steps to have the transcript of the evidence approved in the district court, they allowed an extension of time granted them to expire without filing the transcript or timely applying for a new extension. So, in accordance with the facts and the law, the time had also expired within which to file the record on appeal in this Court. The fact that it was finally filed can not be considered to be a good defense, as such filing took place one day after the service of notice

on the appellants of the motion to dismiss, and some hours after the filing of such motion in this Court.

To our mind the appeal is manifestly frivolous. The genuineness of the promissory note on which the claim is based was admitted both by the failure to verify the answer and by the express allegations of the defendants. The only question raised was as to a reduction of the amount of the debt by virtue of partial payments alleged to have been made and the consequent defense of want of jurisdiction based on the reduction to less than five hundred dollars.

It appears from the opposing motion that the appeal rests only on the question of jurisdiction. The sum claimed in the complaint and allowed also in the judgment is above five hundred dollars. This is all that appears from the judgment roll filed, even after fully considering it. How can the appeal possibly be sustained on such a basis? It is simply sought to delay the execution of the judgment appealed from.

Now, both the appeal above considered and that taken from the same judgment on August 6, 1930, have been prosecuted in this Court under the same number. The appellee moved for a dismissal of the latter appeal on the 20th of November, 1930, and her motion was denied on the 11th of the following December. Thus the case remained without further steps being taken for its prosecution until the 30th of last April, when this Court of its own accord ordered the appellant to appear on the 18th of the current May to show cause why its appeal should not be dismissed for want of prosecution. This party appeared accordingly, and has alleged and shown that a transcript of the evidence is being prepared in the district court, for which reason it prays that the appeal should not be dismissed.

Rule 59 of this Court prescribes that notwithstanding any extension granted by the district court, an appeal may be dismissed after the expiration (as occurred here) of ninety days from the filing of the notice of appeal, if it be

shown that such appeal had not been prosecuted with due diligence.

If it were simply a case of seeking the approval of the transcript of the evidence, upon an examination of the documents filed, we would not indeed be in a position to state that the delay was due to a lack of diligence on the part of the appellant; but as we have found from an examination of the judgment roll that an entirely frivolous appeal is involved, we think that the appeal taken on August 6 must likewise be dismissed.

By virtue of all the foregoing, both appeals will be dismissed.